Morocho-Salao v. Bondi

BIA
Drucker, IJ
A220 249 334/335

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand twenty-five.

PRESENT:
> GERARD E. LYNCH,
> DENNY CHIN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

LIDIA YULISA MOROCHO-
SALAO, Y.M.S.M.,
> *Petitioners,*

v.

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.**

23-7740
NAC

_____

\* The Clerk of Court is respectfully directed to amend the official caption as set

FOR PETITIONERS:     Stuart Goldberg, Umit Gursoy, Gursoy Law Firm, P.C., Brooklyn, NY.

FOR RESPONDENT:     Brian Boynton, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Peter M. Gannon, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Lidia Yulisa Morocho-Salao and her minor daughter, natives and citizens of Ecuador, seek review of an October 20, 2023, decision of the BIA affirming a July 11, 2022, decision of an Immigration Judge ("IJ") denying Morocho-Salao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  *In re Lidia Yulisa Morocho-Salao*, Nos. A XXX XX9 334/335 (B.I.A. Oct. 20, 2023), *aff'g* Nos. AXXX XX9 334/335 (Immig. Ct

---

forth above to abbreviate the name of Petitioner Morocho Salao's minor child.

[1] We do not address the CAT claim because Morocho-Salao does not raise it here. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023).

N.Y. City July 11, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's corroboration finding that the BIA did not reach. *See Alvarez v. Garland*, 33 F.4th 626, 637–38 (2d Cir. 2022). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"The burden of proof is on the applicant [for asylum and withholding of removal] to establish that . . . race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." *Id.* § 1158(b)(1)(B)(i); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal). An applicant must prove "a sufficiently strong nexus" between the suffered harm and a protected ground. *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). An applicant alleging persecution on account of a particular social group must establish "that the alleged persecutors

3

targeted the applicant on account of her membership in that group." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (quotation marks omitted). "Whether the requisite nexus exists depends on the views and motives of the persecutor." *Id.* at 196–97 (quotation marks omitted).

Contrary to the Government's assertion, Morocho-Salao has not abandoned review of the nexus determination. She argues that "[b]eing a female business-owner in Ecuador was at least one central reason she was targeted for burglary and threats," her country conditions evidence shows that violence against women is commonplace, and the agency failed to consider material country conditions evidence. Pet'rs' Br. at 27-31. However, her arguments are unpersuasive, and substantial evidence supports the agency's determination that she failed to establish a nexus to a protected ground.

To demonstrate the required nexus between a petitioner's mistreatment and her membership in a particular social group, the petitioner must "provide *some* evidence" of the persecutor's motive, either "direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (emphasis in original). "[G]eneral crime conditions" are not sufficient to meet that burden. *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999). "[W]hen a petitioner bears the burden of proof, h[er]

failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008).

Here, the agency determined that there was no evidence that the criminals who robbed Morocho-Salao's business and later threatened her did so because she was a female business owner. This was not error as there was no evidence the perpetrators knew the store was owned by a woman—the robbery was at night when the store was closed, Morocho-Salao was not in the store, the business records were in the name of her partner (her daughter's father), and she was threatened because she went to the police, indicating that continuation of the criminal enterprise was the motive for the threat. Morocho-Salao's observation that her store was not burglarized until after her partner left Ecuador is not proof that the burglars knew she was running the store herself or that they targeted her store for that reason. Accordingly, there is no indication "that the . . . individuals who threatened petitioners had any motive other than increasing their own wealth at the expense of the petitioners." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007) (quotation marks omitted). Thus, Morocho-Salao has failed to demonstrate the required nexus here.

While Morocho-Salao points to country conditions evidence that women are frequently targeted for violence in Ecuador, her argument misses the mark because the agency denied relief given the absence of evidence that *she* was targeted for a reason other than general criminal motives. As we have explained, "[a]sylum and other forms of immigration relief are individual remedies designed to avoid persecution inflicted on particular persons" and "[g]eneral country-conditions evidence does not on its own compel the conclusion that an individual will be persecuted." *Singh v. Garland*, 11 F.4th 106, 116–17 (2d Cir. 2021). Morocho-Salao's failure to establish a nexus to a protected ground is dispositive of asylum and withholding of removal, 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A), so we do not reach the agency's alternative ground for denying these forms of relief, *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6